UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



09-20138-CR-HUCK
MAGISTRATE JUDGE
O'SULLIVAN

18 U.S.C. § 1349
18 U.S.C. § 1956(h)
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

CARMEN DEL CUETO,
ROBERTO RODRIGUEZ,
CARLOS GARRIDO,
GONZALO NODARSE,
ALEXIS CARRAZANA,
and
ALEXIS DAGNESSES,

Defendants.
_____/



FILED by ___ D.C.
FEB 12 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times relevant to this Indictment:

1. The Medicare Program ("Medicare") was a federal health care program providing benefits to persons who were over the age of sixty-five or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States

3

Code, Section 24(b).

3. Part B of the Medicare program covered a limited set of medications, including medications that were administered via injection or infusion and that were furnished as part of a physician service. Injection treatments involve the administration of medication by inserting a syringe directly into a vein, muscle or the fatty tissue beneath the skin. Infusion treatments involve the administration of medication through a catheter into the bloodstream. Medical clinics and physicians that met certain criteria could obtain Medicare provider numbers, which allowed them to submit claims directly to Medicare seeking reimbursement for the cost of injection and infusion treatments provided to eligible Medicare beneficiaries.

4. In order to receive payment from Medicare, a medical clinic and physicians were required to submit a health insurance claim form to Medicare. The claims could be submitted in hard copy or electronically. A medical clinic and physician could contract with a billing company to transmit claims to Medicare on their behalf.

5. Medicare Part B was administered in Florida by First Coast Service Options ("FCSO"), which, pursuant to contract with the United States Department of Health of Human Services, served as a contracted carrier to receive, adjudicate and pay Medicare Part B claims submitted to it by Medicare beneficiaries, physicians, or medical clinics administering injection and infusion treatments. Medicare Part B reimbursed medical clinics and physicians directly for the cost of injection and infusion treatments furnished to eligible Medicare beneficiaries provided that those treatments were ordered by a licensed physician who certified that the treatments were medically necessary for the beneficiary.

6. Midway Medical, Inc. (hereinafter "Midway") was a Florida corporation, doing business at 85 Grand Canal Drive, Suite 402, Miami, Florida. Midway was a medical clinic that

purportedly provided injection and infusion treatments to patients with human immunodeficiency virus (HIV). Midway and the physicians who practiced there were Medicare providers and submitted claims to the Medicare program through billing companies.

7. Defendants **CARMEN DEL CUETO, ROBERTO RODRIGUEZ** and **CARLOS GARRIDO**, residents of Miami-Dade County, Florida, were physicians licensed to practice medicine in the State of Florida, and practiced at and partially owned Midway. Midway, using both the physicians' billing numbers and Midway's own group provider number, submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly furnished to Medicare beneficiaries under the care of **DEL CUETO, RODRIGUEZ,** and **GARRIDO**.

8. Defendant **GONZALO NODARSE,** a resident of Miami-Dade County, Florida, was employed by Midway as a medical assistant. Midway submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly provided to Medicare beneficiaries by **NODARSE**.

9. Defendant **ALEXIS CARRAZANA**, a resident of Miami-Dade County, Florida, was employed by Midway as a medical assistant. Midway submitted claims to Medicare seeking reimbursement for the cost of injection and infusion treatments purportedly provided to Medicare beneficiaries by **CARRAZANA**.

10. Defendant **ALEXIS DAGNESSES**, a resident of Miami-Dade County, Florida, was paid by Midway to artificially manipulate patient blood samples in order to make laboratory results to appear to support the medical necessity of injection and infusion services purportedly provided to Medicare beneficiaries at Midway.

11. GNGB Health, Inc. was a Florida corporation whose president and registered agent

was **CARMEN DEL CUETO**.

12. GN Healthcare Enterprises, Inc., was a Florida corporation whose president and registered agent was **GONZALO NODARSE**.

## COUNT 1
### Health Care Fraud Conspiracy
### (18 U.S.C. § 1349)

1. Paragraphs 1 through 12 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From in or around September 2002, and continuing through in or around June 2005, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARMEN DEL CUETO,
ROBERTO RODRIGUEZ,
CARLOS GARRIDO,
GONZALO NODARSE,
ALEXIS CARRAZANA,
and
ALEXIS DAGNESSES,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## Purpose of the Conspiracy

3. It was a purpose of the conspiracy for **CARMEN DEL CUETO, ROBERTO RODRIGUEZ, CARLOS GARRIDO, GONZALO NODARSE, ALEXIS CARRAZANA, ALEXIS DAGNESSES,** and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting false and fraudulent claims to Medicare; (b) offering and paying kickbacks and bribes to Medicare beneficiaries for the purpose of such beneficiaries arranging for the use of their Medicare beneficiary numbers by the conspirators as the bases of claims filed for injection and infusion treatments; (c) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud, and the payment of kickbacks; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **CARMEN DEL CUETO, ROBERTO RODRIGUEZ,** and **CARLOS GARRIDO** would maintain valid Medicare provider numbers for Midway in order to submit Medicare claims for the cost of injection and infusion treatments that were medically unnecessary and were not provided.

5. **CARMEN DEL CUETO, ROBERTO RODRIGUEZ,** and **CARLOS GARRIDO** would conduct examinations of the Medicare beneficiaries and would execute the required documentation, including medical and billing records, in order to make it appear that the injection and infusion treatments billed by Midway were medically necessary and provided, when, in fact, they were not.

6. **ALEXIS CARRAZANA** and **GONZALO NODARSE** would provide injection and infusion treatments to Midway patients that were medically unnecessary.

7. **ALEXIS CARRAZANA** and **GONZALO NODARSE** would sign medical records indicating that injection and infusion treatments were provided to Midway patients when, in fact, they were not.

8. **ALEXIS CARRAZANA** and **GONZALO NODARSE** would fabricate medical records which falsely stated that Midway patients had received specific dosages of medications by injection or infusion, when, in fact, the patients had not received the treatments or medications reflected on those documents.

9. **CARMEN DEL CUETO, ROBERTO RODRIGUEZ, CARLOS GARRIDO,** and **GONZALO NODARSE** would fabricate medical and billing records in order to make it appear that the injections and infusion treatments billed by Midway were medically necessary and provided, when, in fact, they were not.

10. **ALEXIS DAGNESSES** would artificially manipulate patient blood samples so that subsequent laboratory testing would generate laboratory results, which would make it appear that the injections and infusion treatments billed by Midway were medically necessary when, in fact, they were not. Records of these manipulated laboratory testing results were retained in the Midway patient files.

11. Midway would bill Medicare for allegedly providing injections and infusion treatments to beneficiaries for more medication than **CARMEN DEL CUETO, ROBERTO RODRIGUEZ, CARLOS GARRIDO,** and other co-conspirators had purchased from wholesalers.

12. **CARMEN DEL CUETO, ROBERTO RODRIGUEZ, CARLOS GARRIDO, GONZALO NODARSE, ALEXIS CARRAZANA, ALEXIS DAGNESSES,** and other co-

-6-

conspirators would cause Midway to submit fraudulent claims to Medicare for the cost of injection and infusion treatments.

13. The defendants and other co-conspirators would then transfer and disburse, and cause the transfer and disbursement of, monies into and out of Midway's various corporate bank accounts to themselves and others.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
## Money Laundering Conspiracy
## (18 U.S.C. § 1956(h))

From in or around March 2003, and continuing through in or around May 2005, at Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARMEN DEL CUETO,
ROBERTO RODRIGUEZ,
CARLOS GARRIDO,
and
GONZALO NODARSE,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury to commit a violation of Title 18, United States Code, Section 1957, that is: to knowingly engage in a monetary transaction affecting interstate commerce, involving criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity.

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 3-14
## Money Laundering
## (18 U.S.C. §§ 1957 and 2)

On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARMEN DEL CUETO,**
**ROBERTO RODRIGUEZ,**
**CARLOS GARRIDO,**
**and**
**GONZALO NODARSE,**

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, involving criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity:

| Count | Defendant | Approximate Date of Transaction | Description of Monetary Transaction |
|---|---|---|---|
| 3 | CARMEN DEL CUETO | 04-14-2004 | The withdrawal of funds using check number 1418 in the amount of $53,898.10, drawn on Midway's Bank of America account xxxxxx2411, made payable to GNGB. |
| 4 | CARMEN DEL CUETO | 05-06-2004 | The withdrawal of funds using check number 1437 in the amount of $18,837.10, drawn on Midway's Bank of America account xxxxxx2411, made payable to GNGB. |
| 5 | CARMEN DEL CUETO | 05-19-2004 | The withdrawal of funds using check number 1446 in the amount of $14,281.04, drawn on Midway's Bank of America account xxxxxx2411, made payable to GNGB Health. |
| 6 | ROBERTO RODRIGUEZ | 10-25-2004 | The withdrawal of funds using check number 1583 in the amount of $58,834.44, drawn on Midway's Bank of America account xxxxxx2411, made payable to Roberto Rodriguez MD PA. |
| 7 | ROBERTO RODRIGUEZ | 12-23-2004 | The withdrawal of funds using check number 1630 in the amount of $42,450.52, drawn on Midway's Bank of America account xxxxxx2411, made payable to Roberto Rodriguez MD PA. |
| 8 | ROBERTO RODRIGUEZ | 01-03-2005 | The withdrawal of funds using check number 1638 in the amount of $45,859.12, drawn on Midway's Bank of America account xxxxxx2411, made payable to Roberto Rodriguez MD PA. |
| 9 | CARLOS GARRIDO | 12-30-2004 | The withdrawal of funds using check number 102 in the amount of $36,351.94, drawn on Carlos Garrido's Bank of America account xxxxxx3088, made payable to Carlos M. Garrido. |

| 10 | **CARLOS GARRIDO** | 03-22-2005 | The withdrawal of funds using check number 111 in the amount of $43,811.78, drawn on Carlos Garrido's Bank of America account xxxxxx3088, made payable to Carlos M. Garrido. |
| --- | --- | --- | --- |
| 11 | **CARLOS GARRIDO** | 03-30-2005 | The withdrawal of funds using check number 113 in the amount of $22,215.82, drawn on Carlos Garrido's Bank of America account xxxxxx3088, made payable to Carlos M. Garrido. |
| 12 | **GONZALO NODARSE** | 09-09-2004 | The withdrawal of funds using check number 1531 in the amount of $15,241.34, drawn on Midway's Bank of America account xxxxxx2411, made payable to GN Health Care. |
| 13 | **GONZALO NODARSE** | 11-30-2004 | The withdrawal of funds using check number 1615 in the amount of $10,073.41, drawn on Midway's Bank of America account xxxxxx2411, made payable to GN Health Care. |
| 14 | **GONZALO NODARSE** | 12-27-2004 | The withdrawal of funds using check number 1632 in the amount of $15,286.37, drawn on Midway's Bank of America account xxxxxx2411, made payable to GN Health. |

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Sections 1957 and 2.

## **CRIMINAL FORFEITURE**
## **(18 U.S.C. § 982)**

1. The allegations contained in Counts 1 through 14 of this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1349 or Title 18, United States Code, Section 1347, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. Upon conviction of any violation of Title 18, United States Code, Section 1956, or Title 18, United States Code, Section 1957, **CARMEN DEL CUETO, ROBERTO RODRIGUEZ, CARLOS GARRIDO,** and **GONZALO NODARSE** shall forfeit to the United

States any property real or personal, involved in such offense or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.  The property which is subject to forfeiture, includes but is not limited to, a money judgment in the amount of $4,818,462.97 which represents the gross proceeds of the fraud.

5  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

(A)  cannot be located upon the exercise of due diligence;

(B)  has been transferred, or sold to, or deposited with a third party;

(C)  has been placed beyond the jurisdiction of the Court;

(D)  has been substantially diminished in value; or

(E)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendants up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **CARMEN DEL CUETO, ROBERTO RODRIGUEZ, CARLOS GARRIDO, GONZALO NODARSE, ALEXIS CARRAZANA,** and **ALEXIS DAGNESSES.**

All pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

JOHN K. NEAL
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| CARMEN DEL CUETO, et al., | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendants.** | |
| _____/ | **Superseding Case Information:** |

**Court Division:** (Select One)

| | | | | New Defendant(s) | Yes ____ No ____ |
|---|---|---|---|---|---|
| _X_ | Miami | ____ | Key West | Number of New Defendants | ____ |
| ____ | FTL | ____ | WPB    ____ FTP | Total number of counts | ____ |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)    _Yes_
   List language and/or dialect    _Spanish_

4. This case will take   _14_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   | | | | | | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | ____ | Petty | ____ |
   | II | 6 to 10 days | ____ | Minor | ____ |
   | III | 11 to 20 days | _X_ | Misdem. | ____ |
   | IV | 21 to 60 days | ____ | Felony | _X_ |
   | V | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   _X_ No

_/s/ John K. Neal_
JOHN K. NEAL
DOJ TRIAL ATTORNEY
Court No. A5501206

*Penalty Sheet(s) attached                                                                                          REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** CARMEN DEL CUETO    **Case No:** _____

Count #:    1

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max Penalty:**    10 years' imprisonment

Count #:    2

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max Penalty:**    10 years' imprisonment

Counts #:    3, 4, 5

Money Laundering

18 U.S.C. § 1957

**\*Max Penalty:**    10 years' imprisonment

Count #:

_____

_____

**\*Max Penalty:**    _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   ROBERTO RODRIGUEZ     **Case No:** _____

Count #:   1

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max Penalty:**   10 years' imprisonment

Count #:   2

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max Penalty:**   10 years' imprisonment

Counts #:   6, 7, 8

Money Laundering

18 U.S.C. § 1957

**\*Max Penalty:**   10 years' imprisonment

Count #:

_____

_____

**\*Max Penalty:** _____

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** CARLOS GARRIDO     **Case No:** _____

Count #:   1

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max Penalty:**   10 years' imprisonment

Count #:   2

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max Penalty:**   10 years' imprisonment

Counts #:   9, 10, 11

Money Laundering

18 U.S.C. § 1957

**\*Max Penalty:**   10 years' imprisonment

Count #:

**\*Max Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** GONZALO NODARSE    **Case No:** _____

Count #:    1

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max Penalty:**    10 years' imprisonment

Count #:    2

Money Laundering Conspiracy

18 U.S.C. § 1956(h)

**\*Max Penalty:**    10 years' imprisonment

Counts #:    12, 13, 14

Money Laundering

18 U.S.C. § 1957

**\*Max Penalty:**    10 years' imprisonment

Count #:

**\*Max Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   ALEXIS CARRAZANA   **Case No:** _____

Count #:   1

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max Penalty**:   10 years' imprisonment

Count #:



**\*Max Penalty**:

Count #:



**\*Max Penalty:**

Count #:



**\*Max Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** ALEXIS DAGNESSES      **Case No:** _____

Count #:   1

Conspiracy to Commit Health Care Fraud

18 U.S.C. § 1349

**\*Max Penalty:** 10 years' imprisonment

Count #:

_____

_____

**\*Max Penalty:**

Count #:

_____

_____

**\*Max Penalty:**

Count #:

_____

_____

**\*Max Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.